**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

CHAEISELE FAY ARMEZA, et al.,
*Petitioners*,

v.

ZACHARY CROSSON, et al.,
*Respondents*.

**CV-26-335-GF-BMM**

**ORDER**

## INTRODUCTION

Jose Carlos Armeza ("Petitioner") petitions this Court for habeas release pursuant to 28 U.S.C. § 2241, following his detention by the United States (the "Government"). (Doc. 1.) The Court finds that the Petition establishes a prima facia case for relief. (Doc. 3.) The Court directed the Government to show cause why the writ of habeas corpus should not be granted. (*Id.*) The Court will now discuss whether habeas relief should be granted for Petitioner.

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the

Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

**DISCUSSION**

Petitioner legally entered the United States on December 19, 2024. (Doc. 9 at 15.) Petitioner's authorized period of admission expired on June 18, 2025. (*Id.*) Petitioner was ordered removed in absentia by an Immigration Judge on July 30, 2026. (*Id.*) Petitioner appealed the final order of removal but the immigration judge denied the appeal to reopen the decision. (*Id.*) Petitioner has until November 27, 2026, to appeal the immigration judge's reopen order. (*Id.* at 46.)

This Court previously held that the arrest of noncitizens without a warrant or a pre-arrest individualized determination that the noncitizen is likely to escape violates their constitutional rights. *Hernandez v. Crosson*, No. 26-cv-280, 2026 WL 2568523, at *4 (D. Mont. Aug. 31, 2026). The Court further reiterates that the INA applies § 1226 to noncitizens detained in the interior of the country and requires a bond hearing. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir 2026).

A noncitizen may be arrested and detained under § 1226 only "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Brice v. Gantt*, et al., No. CIV-26-1421-D,

2026 WL 2243982, at *3 (W.D. Okla. Aug. 4, 2026) (quoting *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified)).

One exception exists to the warrant requirement under § 1226. Authorized officers may "interrogate any alien or person believed to be an alien" concerning that person's "right to be or to remain in the United States," and can arrest that person "if [the officer] has reason to believe that the [person] . . . is in the United States in violation of any . . . law or regulation [regulating the admission, exclusion, expulsion, or removal of aliens] and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C.A. § 1357(a)(1), (2) (emphasis added). An authorized officer's determination that an arrested person "is likely to escape" requires that the arrested person must "be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States." *Id.*; *see Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026).

"[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc," when arrests properly are made without a warrant based on an authorized officers' perception of likely escape. *Makuiza*, 826 F. Supp. 3d at 180 (citing 8 C.F.R. § 287.3(d)). In other words, a proper arrest pursuant to §1226

requires either an arrest warrant that is issued before arrest, or a reasonable belief by an authorized officer upon initial investigation that a noncitizen is in the United States in violation of the law and presents a risk of escape if not arrested before a warrant can be obtained. No evidence in the record indicates either condition existed in this case. The arrest documentation fails to mention a flight risk assessment. The Government further admits it detained Petitioner without serving or issuing an arrest warrant beforehand. (Doc. 10 at 2.) The Government acknowledges the legal issues represent similar issues to habeas petitions in which the Court found the Government unlawfully arrested petitioners. As a result of the unlawful arrests, the Court granted the petitioners habeas release. The Court concludes that habeas release presents the appropriate remedy in this case.

"This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 412 (E.D.N.Y 2026). The Court determines that immediate release proves appropriate, available, and proper in this case to remedy the constitutional and statutory violations committed by the Government against Petitioner. The Court defers ruling on the matter of attorneys' fees and costs. Should Petitioner's counsel wish to pursue a claim for attorneys' fees and costs under the Equal Access to

Justice Act (EAJA), they are instructed to file a separate motion on the issue in accordance with Local Rules.

Accordingly, **IT IS SO ORDERED.**

- Petitioner's Petition (Doc. 1) is **GRANTED as to himself individually.**
- The Court orders the Government to release Petitioner from custody within 24 hours of this Order, under appropriate conditions of release, and to facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
- **IT IS FURTHER ORDERED** that the Government must return Petitioner's personal property, including any personal identification and employment authorization documents, upon his release.
- **IT IS FURTHER ORDERED** that the Government is **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).
- **IT IS FURTHER ORDERED** that the Government may not re-detain Petitioner pursuant to 8 U.S.C. § 1226(a) during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing

regulations. At this hearing, the Government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

- If Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, the Government may detain Petitioner for the sole and limited purpose of executing removal pursuant to 8 U.S.C. § 1231(a)(2)(A). In such an event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.
- The Court orders the Government to certify compliance with this Order by filing on the docket.
- The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED this 24th day of November, 2026

Brian Morris, Chief District Judge
United States District Court